AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District MASSACHUSETTS | |
|---|---|---|
| Name of Movant EDGARDO COLON | Prisoner No. 22968-038 | Case No. 00 CR 10029-NG |
| Place of Confinement FCI LEWISBURG | | |

04    10280    NG

| UNITED STATES OF AMERICA | V. | EDGARDO COLON, ET AL |
|---|---|---|
| | | (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _____

    UNITED STATES DISTRICT COURT, BOSTON, MA
    _____

2. Date of judgment of conviction  JUNE 27, 2002
    _____

3 Length of sentence  188 MONTHS
    _____

4. Nature of offense involved (all counts)  _____

    Defendant was charged with two substantive counts of possession with intent to distribute heroin and one count of
    conspiracy to possess with intent to distribute heroin
    _____

    _____

    _____

5. What was your plea? (Check one)
    (a) Not guilty ☐
    (b) Guilty ☒
    (c) Nolo contendere ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    Defendant pled guilty to Counts Three and Nine and not guilty to Count One of the Indictment, which was the
    conspiracy count.  Defendant took responsibility for his conduct but refuted the amount of heroin specified in Count
    One (over 100 grams) and argued that more than one conspiracy had been charged.
    _____

    _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury ☐
    (b) Judge only ☐

7. Did you testify at the trial?
    Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
    Yes ☐ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court   First Circuit Court of Appeals

   (b) Result   Voluntary dismissal.

   (c) Date of result   10/8/02

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes", give the following information:

   (a) (1) Name of court

   (2) Nature of proceeding

   (3) Grounds raised

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
     Yes ☐ No ☐

   (5) Result

   (6) Date of result

   (b) As to any second petition, application or motion give the same information:

   (1) Name of court

   (2) Nature of proceeding

   (3) Grounds raised

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.      Yes ☐ No ☐
    (2) Second petition, etc.     Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Defendant was denied due process at sentencing and resulted in miscarriage of justice.

Pursuant to Fifth and Fourteenth Amendments to US Constitution

Supporting FACTS (state *briefly* without citing cases or law)

Defendant pled guilty to two substantive counts of heroin distribution, but refused to plead guilty to the conspiracy count because he did not believe that the evidence would support a conclusion that he was responsible for a 100 grams or more of heroin by a preponderance of the evidence. The sentencing court found that the defendant was responsible for more than 1000 grams primarily based upon the testimony of a cooperating witness (Guzman) and the factual basis for guilty pleas sworn to by two co-defendants which attributed over 1000 grams of heroin to defendant. Defendant submitted during the hearing that Mr. Guzman was unreliable and that the guilty pleas by Pagan and Cruz were also unreliable as they were driven by the threat that Guzman would testify that they sold the amounts of heroin contained in each co-defendant's sworn colloquy. The new evidence focuses entirely on the post sentencing revelations by the government that Mr. Guzman not only lied to them... (See Attachment "A")

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

(5)

AO 243 (Rev. 5/S5)

_____

_____

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing    James Budreau, 20 Park Plaza, Suite 905, Boston, MA 02116

_____

(b) At arraignment and plea    Same

_____

(c) At trial _____

_____

(d) At sentencing    Same

_____

AO 243 (Rev. 5/85)

(e) On appeal      Pro se.

_____

(f) In any post-conviction proceeding      James Budreau was appointed by this Court.

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding      N/A

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:      _____

_____

_____

(b) Give date and length of the above sentence:      _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

X  11-4-03
   (date)

X  Edgardo Colón
   Signature of Movant

(7)

ATTACHMENT A

Ground One:

Supporting Facts (Continued):

...before the defendant's sentencing but also committed sworn
perjury on the stand during defendant's sentencing hearing.  This
perjury included Guzman's failure to reveal the following under
direct or cross examination:

1.  That he smoked an excessive amount of marijuana on a
daily basis and snorted cocaine a few times a week during the
period in question;

2.  That he had been selling cocaine for at least ten years
as well as at the time that he was testifying against the
defendant;

3.  That he had committed an armed robbery of a marijuana
dealer just two months before he testified against defendant.

This perjury was material for many obvious reasons including
the following two.  First, if Guzman had been honest then
defendant believes it would have caused the Court to conclude
that he was exceptionally unreliable because: (a) his excessive
drug use (unknown to the Court) had undermined his perceptions of
past events and (b) his ongoing criminal activity, which was
extremely serious and unknown to anyone, would have induced him
to lie in order to gain benefits from the government.  Second,
Mr. Guzman's willingness to lie under oath about his excessive
drug use and serious criminal history means that he would lie
about the amount of drugs that he observed being sold by
defendant, his co-defendants Pagan and Cruz and others.  Mr.
Guzman's willingness to commit perjury completely undermines the
value of his testimony at sentencing and his earlier statements
to the government that were used to induce co-defendants Pagan
and Cruz to falsely admit that they sold (in total) approximately
1000 grams of heroin in concert with defendant.  If Guzman's
testimony and the factual basis for Pagan/Cruz' plea s are
excised, this Court would have found that by a preponderance
of the evidence that defendant was responsible for less that 1000
grams and possibly less than 100 grams.

4.  The evidence described above was produced
by the United States Attorney's Office in March 2003.
See Letter and DEA 302's attached as Attachment B.

5.  The supporting grounds for this Petition are
more fully described in Petitioner's Memorandum of
Law attached by reference and incorporated by
reference.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDGARDO COLON                       )
        Petitioner                  )
                                    )   Civil Action No.:
        v.                          )   Crim. No. 00-CR-10029-NG
                                    )
UNITED STATES                       )
        Respondent                  )   **04  10280 NG**

## CERTIFICATE OF SERVICE

I, James Budreau, hereby swear under pains and penalties of perjury that the following documents were served upon AUSA John Wortmann at One Courthouse Way, Boston, MA by hand on this 10th day of February 2004:

(1)  Motion to Vacate, Set Aside or Correct His Sentence;

(2)  Memorandum in Support; and

(2)  Motion to Appoint Counsel to Represent Mr. Colon...and Waive Filing Fee for Filing Motion to Vacate, Set Aside or Correct His Sentence.

JAMES BUDREAU, BBO# 553391
20 Park Plaza Suite 905
Boston, MA 02116
(617)227-3700