UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDGARDO COLON                )
      Petitioner             )
                             )    Civil Action No.:
      v.                     )    Crim. No. 00-CR-10029-NG
                             )
UNITED STATES                )    04  10280 NG
      Respondent             )

**DEFENDANT EDGARDO COLON'S MEMORANDUM FILED IN SUPPORT
OF HIS MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE**

Now Comes Edgardo Colon who respectfully files this
memorandum in support of his Motion to Vacate his sentence filed
pursuant to Title 21 U.S.C. Section 2255 and the Fifth and
Fourteenth Amendments to the United States Constitution.  In
support defendant states the following:

**PROCEDURAL HISTORY**

Edgardo Colon was indicted by a federal grand jury on August
24, 2000 for distribution of heroin and conspiracy to distribute
heroin.  See Second Superceding Indictment attached as Exhibit
A(1).  Mr. Colon pled guilty to Counts 3 and 9 on October 9, 2001
which alleged that he had sold approximately 1.2 grams of heroin.
See Change of Plea Transcript attached by reference as Exhibit
A(2).  This Court conducted an evidentiary hearing on February
28, 2002 and March 1, 2002 to determine what weight and
adjustments would be applicable to all the defendants.  See
Sentencing Transcripts attached by reference as Exhibits D(1) and

D(2).[1]  Mr. Colon was sentenced to 188 months imprisonment and
three years of supervised release on March 21, 2002.  See Court's
Judgment and Commitment Order attached as Exhibit B.  This Court
issued its findings of fact and rulings of law on June 27, 2002.[2]
See Memorandum and Order attached hereto as Exhibit C.

## SENTENCING HEARING

This Court conducted a two day sentencing hearing on March
20 and 21, 2002.  The government  presented DEA 6's, video taped
LGD (Latin Gang Disciples) meetings, testimony of a DEA Agent who
surveilled some heroin buys various people including LGD gang
members and Mr. Colon, the guilty colloquies from two other
defendants (Pagan and Cruz) and the testimony of one cooperating
witness, Lawrence Guzman, as the primary basis for its sentencing
recommendation.  See Exhibits D(1) and D(2).  Based upon the
government's sentencing presentation and the Pre-Sentence Report
submitted by Probation[3], this Court found that Mr. Colon was
responsible for more than one kilogram of heroin.  See Exhibit C

_____

[1]The first day of hearings occurred on February 28, 2002 an
the second day occurred on March 1, 2002.  See Exhibits D(1) and
D(2) respectively.

[2]This Court has jurisdiction over this Motion because the
government did not provide the newly discovered evidence until
March 21, 2003 demonstrating that Mr. Guzman had perjured himself
during the March 2002 sentencing hearings.  See Exhibits J(1),
J(2) and J(3) described herein infra.

[3]Defendant attaches the PSR and Addendum by reference
respectively as Exhibits E(1) and E(2).

2

(Sent. Order)

During the hearing, the government presented evidence supporting the following weight amounts and accepted by the Court as relevant conduct for determining Mr. Colon's sentence:

    1.  LGD members sold 108 grams.
    2.  Sales deduced by statements amounted to 54 grams.

The <u>subtotal</u> from discernable amounts was, therefore, 175-189 grams.  See Exhibit C, p 18.

The remaining amounts presented by the government, and accepted by the Court, were as follows:

    3.  Historical sales by Pagan which amounted to 542-828 grams.
    4.  Historical sales by Cruz which amount to 427-499 grams.
    5.  Historical sales by Rios which amount to 165-248 grams.
    6.  Sales by Gomez amounted to 13 to 27 grams.[4]

The total of all six categories of sales was **between 1309 grams and 1764 grams**.  See Exhibit C, p 18.  This Court's sentencing decision and weight attribution has since been upheld by the First Circuit Court of Appeals.  See <u>United States v. LaBoy</u>, 351 F.3d 578 (1st Cir 2003)

Mr. Colon contested the weight attributable to him at all stages of the case.  He filed objections to the Pre-Sentence Report and a sentencing memorandum which criticized the

----

[4]Petitioner is not quite sure how the Court concluded that Gomez sold 13 to 27 grams or how this figure was reached, but will accept this amount for purposes of this analysis.

government's use of Mr. Guzman as an informant. See Colon
Objections and Colon Sentencing Memorandum attached respectively
as Exhibits F and G.  Mr. Colon also argued before and after the
hearing that Mr. Guzman was so unreliable that all heroin amounts
based upon his statements should be ignored.  Exhibits F and G.

Mr. Colon further submitted that any amounts attributable to
Pagan and Cruz were unreliable also. Exhibits D(1), D(2), F and
G. The Court responded that these amounts were sufficiently
reliable because Mr. Pagan and Mr. Cruz swore under oath, when
they pled guilty, that they were indeed guilty of distributing
those amounts of heroin and that they did it on behalf of Mr.
Colon.  See Exhibit D(2).  Although the Court ultimately found
that Mr. Guzman may not have been the most credible witness on
his own, the Court concluded that other sources of evidence were
sufficiently corroborative of the defendant's heroin trafficking
(i.e., tapes, surveillance, Pagan and Cruz's sworn guilty pleas
and colloquies) that Mr. Guzman's attribution of weight would
rule the day.  Exhibit C.

Although this Court found Mr. Guzman's testimony to be vague
during the sentencing hearings, [Exhibit D(2) at p. 159] he was
used by the Court to corroborate the amounts of heroin attributed
to Pagan/Cruz; thereby increasing the amount attributable to Mr.
Colon to be over one kilo.  In fact, Mr. Colon submits that Mr.
Guzman's attribution of weight was the lynchpin and sole basis

4

for finding that Mr. Colon was responsible for more than 175 to 187 grams of heroin for two reasons.

First, if Mr. Pagan and Cruz's plea colloquies are put aside, then there was no other corroboration before the Court that (a) Mr. Pagan sold 30 bundles a day from early fall 1999 until his arrest in January 2000 [Exhibit E(1), para 96, 101]; (b) Cruz sold 100 bags per day in January 2000 [Exhibit E(1), para 105]; and (c) Rios sold 4 to 6 bundles a day for first half of 1999. Id. Mr. Guzman's proffers and testimony were the only grounds, other than Pagan and Cruz' plea colloquies, that supported the increase of heroin weight attributable to Mr. Colon from 175-187 grams to 1322-1789 grams. Specifically, Mr. Guzman's statements added between 1147 and 1602 grams of weight of heroin to the guideline calculations for Mr. Colon[5]. Therefore, if Mr. Guzman's observations were completely excluded from the Court's decision on weight, then the amount attributable to Mr. Colon would have dropped to about 175 to 187 grams unless the Court were to find the Pagan/Cruz colloquies independently reliable on the question of weight.[6]

Whether or not the Pagan/Cruz colloquies by themselves (i.e., without Guzman's corroborating statements) are

---

[5]The Court found that Mr. Colon was responsible for between 1309 and 1764. Exhibit B, p 18.

[6]This assumes that Mr. Gomez's sales of 13 to 27 grams were not exclusively attributable to Mr. Guzman's observations.

5

sufficiently reliable to find by a preponderance of the evidence that an additional 1147 to 1602 grams of heroin should be attributed to Mr. Colon is the second issue.   See Rule 11 Hearings for Pagan and Cruz respectively attached as Exhibits H and I.   While both these men swore that their testimony was true and that they were responsible for 1000 grams and 750 grams respectively, the factual support for the weight amounts attributed to both Mr. Pagan and Mr. Cruz came directly from Mr. Guzman's testimony and proffers.  See Exhibit E(1), para. 96, 101 for Pagan, and para. 105 for Cruz.  The government presented no other forms of support or corroboration for calculating the amounts of heroin attributable to Cruz and Pagan other than Guzman's statements[7].

This Court ultimately found that the Pagan/Cruz colloquies were reliable and that Mr. Guzman's testimony, while vague (but not perjurious), was sufficiently reliable in context of the other evidence.   Therefore, based upon the combination of Mr. Guzman's statements/testimony with the corroborating sworn colloquies by Pagan/Cruz, this Court found that Mr. Colon was responsible for more than one kilo of heroin and sentenced him to 188 months.   Mr. Colon did not appeal this sentence given his perception that this Court's decision would be upheld on appeal

---

[7]This excludes the 175 to 187 grams attributable to all defendants from the surveilled sales and the sales deduced by statements.

6

and his knowledge of the facts at that time.

## **NEWLY DISCOVERED EVIDENCE**

On March 21, 2003, AUSA John Wortmann sent a letter to all defendants disclosing that Mr. Guzman was not simply lacking in reliability, but that he was a liar and a perjurer. See March 21, 2003 letter with enclosures from AUSA John Wortmann attached as Exhibits J(1) [letter], J(2) [FBI 302 regarding Guzman's post Colon sentencing confession that he lied about a robbery] and J(3) [Guzman's 3/11/03 testimony showing that he failed to reveal his ongoing cocaine trafficking during Mr. Colon's sentencing] Specifically, the government's March 21, 2003 disclosures revealed that during Mr. Colon's March 2002 sentencing hearing in this case:

(1)   Guzman failed to reveal that he committed an armed robbery (gun) of a marijuana dealer in January 2002 only two months before this Court held sentencing hearings.  See FBI 302 attached as Exhibit J(2).[8]

(2)   Guzman failed to reveal that he had been selling cocaine for almost ten (10) years and was still selling cocaine at the time of his testimony in the instant case.  See Guzman

---

[8]Mr. Guzman did testify that the DEA told him he could not cooperate anymore if he committed any new crimes. Exhibit D(2) at p 148-149.  Mr. Guzman clearly violated this agreement in advance of his testimony in the instant case.  since he was robbing drug dealers, smoking large amounts of marijuana and dealing cocaine while he was cooperating.

Testimony in U.S. V. Padilla attached hereto as Exhibit K
(3/11/03), pp. 4-8, 57.

(3)  Guzman failed to reveal that he smoked 2-3 joints
of marijuana every day, snorted cocaine at least once a week and
after each sale of cocaine, and drank 5 drinks per sitting on at
least 3 occasions a week.  See Exhibit J(3).

The impact of these disclosures goes to the heart of the
legal and philosophical dilemma facing this Court during the
original sentencing hearing. As a matter of policy, this Court
concluded that it had to give significant weight to the
colloquies by Pagan and Cruz because they were under oath,
despite Guzman's vague testimony. See Exhibit D2, p 215-216.  The
Court reasoned that the entire plea process would fall apart if
due weight was not given to the truth of the colloquy by the
person pleading guilty.  Id. The Court apparently did not believe
at that time that Mr. Guzman's testimony was sufficiently
impeached to warrant a finding that the Pagan/Cruz colloquies
were vulnerable to collateral attack.[9]   .

While this public policy may have been appropriate at the
time of the original sentencing, it has since been eroded given

---

[9]Again, Colon argued at sentencing that Pagan/Cruz did not
contest the weight attributed to them by Guzman for reasons
unknown to the defense.  The reality was and is that the
government did not present any independent evidence beyond Guzman
(putting aside the 175-187 grams established by surveillance and
tapes) to support its allegations of weight attributable to
Pagan, Cruz and Rios.

the new disclosures regarding Guzman.  The public policy that a plea colloquy must always be true if the person who pleads guilty swears to it under oath seems too simplistic when we now know that the evidence corroborating the weight leading to Cruz and Pagan's colloquies came from a perjurer.  The evidence did not come from simply a vague or unreliable witness, but it came from the mouth of a perjurer.

Mr. Guzman is not simply another informant who lied to the Court.  He was the string that bound the government's facts together.  His perjured proffers were what caused Pagan and Cruz to admit guilt without challenging their colloquies or the weight behind them.  His perjured testimony was what caused this court to find that Mr. Colon was responsible for between 1300 and 1700 grams of heroin.  See Exhibits B and D2.

In <u>United States v. Lopez-Caceres</u>, the District Court for the District of Puerto Rico stated that:

> The claim that declarant's statements under oath before
> the Court during his change of plea hearing are a
> guarantee of trustworthiness fails to take into account
> the complexity and multiplicity of factors that
> coincide at a stage in a criminal process when a
> defendant self convicts....

<u>United States v. Lopez-Caceres</u>, 89 F.Supp. 2d 168, 172 (D.P.R. 1999)  While Mr. Colon raised this identical issue during his sentencing hearings, the analysis of the U.S. District Court for the District of Puerto Rico still, if not more so, provides the

9

appropriate prism[10] through which to view Mr. Pagan and Cruz's decisions to plead guilty.

During the sentencing proceeding for Mr. Colon this court stated that, as a matter of public policy, it was unwilling to find that the sworn guilty pleas of Cruz/Pagan were unreliable despite Mr. Guzman's lack of reliability as a witness. While the question remains the same, defendant now suggests that the Court's analysis should change since we have concrete evidence that Guzman perjured himself.

Defendant submits that this Court can make no finding other than that the Pagan/Cruz colloquies, as they apply to weight attributable to Mr. Colon, are completely unreliable. See <u>United States v. Noble</u>, 299 F.3d 907 (7th Cir. 2002)[11] There is simply no independent evidence that the amounts of weight embraced by those defendants was real or otherwise ascertainable but for Guzman's

---

[10]This Court originally distinguished <u>Lopez</u> on the grounds that the plea colloquies were offered as evidence in trial. While defendant agrees with the distinction for purposes of whether plea agreements are admissible at sentencing versus trial, the question presently before the Court is not admissibility but, rather what weight should be give the Pagan/Cruz colloquies. Additionally, the guilt of Pagan and Cruz are not at issue, but the weight agreed to in their colloquies is.

[11]A judge has leeway to extrapolate quantities from witnesses' statements of minimum sales over several occasions, <u>United States v. Durham</u>, 211 F.3d 437, 443-444 (7th Cir. 2000) and may rely on hearsay evidence not admissible at trial, so long as the evidence is sufficiently reliable. <u>Noble</u>, at <u>Id.</u>

10

proffers. See  There were no proffers given by Pagan/Cruz which demonstrated that they had a separate and credible basis to calculate the weight agreed to in their own colloquies. Everything regarding the weight contained in their colloquies circles back to the credibility of Guzman.

The ultimate question is, therefore, whether the Court wants to have its sentence of Mr. Colon tainted by facts which, in hindsight, lack the level of trustworthiness previously believed. When a witness like Guzman perjurers himself, then the fabric of the judicial process and all the assumptions that we as lawyers and jurists bring to the bar begin to unravel.  If we cannot believe that justice was done and that the process was not tainted by perjurers, then due process becomes simply another illusory constitutional right.

Due Process requires that some minimal indicia of reliability support the statements made by witnesses.  See United States v. Petty, 982 F.2d 1365, 1369 (9th Cir 1993) The facts contained in the Cruz/Pagan colloquies do satisfy this minimal level of reliability once this Court concludes that Guzman was a perjurer. See Due Process Clause of Fifth Amendment to the United States Constitution.  Given the lack of other independent and reliable evidence to support the facts contained in the Cruz/Pagan colloquies, the government has failed to establish by a preponderance of the evidence that Mr. Colon is responsible for

11

that weight.  Similarly, the weight attributed to Colon by Guzman
through his statements about Rios must be subtracted from the
Court's calculation of Mr. Colon's drug weight.

When the Pagan/Cruz/Rios weight evidence is subtracted from
the relevant conduct calculations for Mr. Colon, then the
credible weight attributable to Mr. Colon would fall to between
100 and 400 grams of heroin, which is a level 26.  See United
States Guideline Manual.  If the Court adds 4 levels for
leadership role and minus 3 levels for acceptance of
responsibility, then his final sentencing range would be between
100-125 months (Level 27) given that his criminal history was a
IV.

Mr. Colon moves this Court, based upon the above and
pursuant to the Due Process Clause of the Fifth Amendment to the
United States Constitution, to set aside and/or correct his
sentence and remand for further proceedings.

Respectfully submitted,

BY EDGARDO COLON'S ATTORNEY,

12

_____

JAMES BUDREAU, BAR#553391
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700


    I hereby certify that a true and correct copy of the
foregoing document was served by hand on February 10, 2004 to
Assistant U.S. Attorney John Wortmann.

_____

James Budreau

13