UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

EDGARDO COLON )
   Petitioner )
 ) 2004 JUN -9 P 4: 53
 ) Civil Action No.: 04 - 10280-NG
v. ) ~~Crim. No.: 00-CR-10029-NG~~ U.S. DISTRICT COURT
 ) DISTRICT OF MASS.
UNITED STATES )
   Respondent )

**EDGARDO COLON'S REPLY MEMORANDUM FILED IN SUPPORT
OF HIS MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE**

Now Comes Edgardo Colon who respectfully files this reply memorandum in support of his Motion to Vacate his sentence filed pursuant to Title 21 U.S.C. Section 2255 and the Fifth and Fourteenth Amendments to the United States Constitution. Petitioner specifically replies to the assertion by the government that he has failed to establish that the government knowingly used perjured material testimony.

**DISCUSSION**

    The government asserts in its brief that, before a sentence can be vacated in a case where the Petitioner alleges perjured testimony materially affected the outcome, the moving party must show that the government knowingly used the testimony and that it materially affected the outcome of the case. See Section B of Government's Brief and <u>Green v. United States</u>, 313 F.3d 6,7 n.2 (1st Cir. 2003) The government also raises the prospect that reversal can also occur if the "government should have known".

    While Petitioner does not disagree with the government's

recitation of the standard for knowing use of perjured testimony, Petitioner states that there is a second tier to this analysis if this Court finds that the government either did not know or should not have known (referred to as "negligently") that the testimony was perjured. This is not an all or nothing analysis that is exclusively dependent upon either evil or negligent doings by the government as suggested by the U.S. Attorney's Office.

If this Court finds, arguendo, that there is insufficient evidence to support a finding that the government knowingly or negligently used perjured testimony, then the Court must review the defendant's evidence in the framework of a Motion for a New Trial pursuant to FedR.Crim.P. Rule 33. See Pelegrina v. United States, 601 F.2d 18, 19 (1st Cir. 1979) (treating 2255 claim of newly discovered evidence as a motion for a new trial) and Saccoccia v. United States, 69 F.Supp.2d 297 (D.R.I. 1999). The test for a new trial based upon unwitting use of perjured testimony is that "the evidence must create an *actual probability* that an acquittal would have resulted if the evidence had been available...." United States v. Sepulveda, 15 F.3d 1216, 1220 (1st Cir. 1993). See also United States v. Huddleston, 194 F.3d 214, 221 (1st Cir. 1999)

While Petitioner does not contend that the government knowingly used perjured testimony, he does submit that the DEA Agent who controlled Guzman failed to perform an adequate background check on him to determine veracity and credibility.

2

Therefore, the agent should have known that the perjuring witness had been selling and using drugs at a level which was not disclosed to the Petitioner and that he had been lying to the government in advance of the sentencing hearing. Specifically, the DEA should have known that:

(1) Guzman had committed an armed robbery (gun) of a marijuana dealer in January 2002 only two months before this Court held sentencing hearings. The DEA agent only needed to ask Mr. Guzman whether he had committed any other conduct since their earlier proffers.[1]

(2) Guzman had been selling cocaine for almost ten (10) years and was still selling cocaine at the time of his testimony in the instant case. See Guzman Testimony in U.S. v. Padilla attached hereto as Exhibit K (3/11/03), pp. 4-8, 57. This omission could have been determined by developing confidential sources who knew Mr. Guzman.

(3) Guzman was smoking 2-3 joints of marijuana every day, snorting cocaine at least once a week and after each sale of cocaine, and drinking 5 drinks per sitting on at least 3 occasions a week. See Exhibit J(3). Again, the DEA could have discovered this information by developing confidential sources or asking Mr. Guzman for personal references. Clearly, the

---

[1] Mr. Guzman did testify that the DEA told him he could not cooperate anymore if he committed any new crimes. Exhibit D(2) at p 148-149. Merely having Mr. Guzman sign this agreement was insufficient means of determining the credibility of their witness.

3

government failed to do this simple task since it was no uncovered until after he testified falsely before this Court. Based upon the above and the details of his previously filed memorandum, Petitioner submits that he has provided sufficient grounds for this Court to find that the government should "have known" that he was going to perjure himself during the sentencing hearing.

Even if, arguendo, the Petitioner's evidence does not rise to the level of showing that the agent "should have known", then he has demonstrated that the prosecutor's unwitting use of the perjured testimony would have probably[2] resulted in a different outcome at his sentencing.[3] United States v. Huddleston, 194 F.3d 214, 221 (1st Cir. 1999); United States v. Sepulveda, 15 F.3d 1216, 1220 (1st Cir. 1993) Not only were Mr. Guzman's lies material, but had this Court known about them in advance of the sentencing hearing, there is a reasonable probability that it would have (1) discounted his testimony as a whole, and (2) found that the Cruz and Pagan colloquies were not persuasive as they

---

[2] Reasonable probability is defined as "probably sufficient to undermine the confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375 (1985)

[3] This Circuit recognizes that "a compelling claim for relief might be presented when newly available evidence conclusively shows that a vital mistake has been made." Grace v. Butterworth, 586 F.2d 878, 880 (1st Cir. 1978). This Court alone knows whether a vital mistake occurred when it was forced to use perjured testimony in its assessment of drug weight in Mr. Colon's sentencing hearing. Regardless of what standard applies, the core question is whether the court materially relied upon false information in reaching these conclusions.

4

were dependent upon perjured testimony.

As discussed in Petitioner's original memorandum, he has satisfied this standard and moves this Court to vacate his sentence. Alternatively, Petitioner moves this Court to order the government to produce any evidence that would demonstrate that they did in fact make inquiries into Mr. Guzman's background that would defeat Petitioner's claim that the agent should have known about the perjury. If the government fails to produce such evidence, then Petition, again, move this Court to grant his motion to vacate.

Respectfully submitted,
BY EDGARDO COLON'S ATTORNEY,

_____
JAMES BUDREAU, BAR#553391
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700

I hereby certify that a true and correct copy of the foregoing document was served by hand on June 9, 2004 to Assistant U.S. Attorney John Wortmann.

_____
James Budreau