UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 30 P 1:06

EDGARDO COLON )
    Petitioner )
)
v. )  Civil Action No.:
)  Crim. No. 00-CR-10029-NG
UNITED STATES )
    Respondent )

U.S. DISTRICT COURT
DISTRICT OF MASS.

### EDGARDO COLON'S REQUEST TO AMEND MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE

Now Comes Edgardo Colon who respectfully moves this Court for leave to amend his Motion to Vacate, Set Aside or Correct His Sentence based upon the holdings of <u>Blakely v. Washington</u>, ___ S.Ct. ___; 2004 WL 1402697 (June 24, 2004). In support, defendant states that:

1. Petitioner's trial counsel argued by implication or directly during or prior to the sentencing proceedings for Mr. Colon's district court case that the proper standard for assessing weight and/or roles in the offense was "beyond a reasonable doubt" instead of "preponderance of the evidence."

2. In his original Motion to Vacate, Set Aside or Correct His Sentence, Mr. Colon attacks the reliability of the evidence used to increase his sentence beyond the amount contained in the indictment to which he pled guilty. By implication, if not directly, Petitioner attacks the standards of proof used by this Court in making findings as to weight and role in the offense.

3. Although Petitioner did not directly challenge in his

1

2255 petition this Court's finding regarding his role in the offense, he did challenge the reliability of said evidence generally.

4. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, an amendment is timely if it relates back to the original habeas motion and judgment has not yet been entered. See <u>Ching v. United States</u>, 298 F.3d 174 (2nd Cir. 2002) and <u>Berthoff v. United States</u>, 308 F.3d (1st Cir. 2002)(abuse of discretion standard applied when district court allows amendment)

5. <u>Blakely</u> raises new and extraordinary constitutional issues which must be addressed to ensure that Mr. Colon's due process rights and rights to trial were not abrogated. See Fifth and Sixth Amendments to the United States Constitution. See also <u>Blakely v. Washington</u>, __ S.Ct. ___; 2004 WL 1402697 (June 24, 2004)

6. Mr. Colon pled guilty to possession with intent to distribute a couple of grams of heroin. As this Court used the "preponderance of the evidence" standard to determine that he distributed more than a kilo, this Court increased Petitioner's sentence beyond the maximum range that his guilty plea for distribution of two grams would have permitted. This violated Mr. Colon's right to a trial by jury and his right to due process. See Sixth and Fifth Amendments. See <u>Blakely</u>, <u>supra</u>.

7. This Court also assessed Mr. Colon four (4) levels for

being an organizer based upon the "preponderance of the evidence" standard. This finding violated Mr. Colon's right to a jury trial and applied the incorrect standard of proof before enhancing his sentence. See Fifth and Sixth Amendments. See Blakely, supra.

Wherefore, Petition moves this Court to grant him leave to amend his habeas petition as stated above within thirty (30) days of this Court's order.

Respectfully submitted,
BY EDGARDO COLON'S ATTORNEY,

*(signature)*

JAMES BUDREAU, BAR#553391
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700

I hereby certify that a true and correct copy of the foregoing document was served by hand on June 30, 2004 to Assistant U.S. Attorney John Wortmann.

*(signature)*

James Budreau