```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

EDGARDO COLON              )
                           )
                           )
          v.               )    Civil Action No. 04-10280-NG
                           )
                           )
UNITED STATES OF AMERICA   )
```

**GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION TO AMEND**

In the wake of <u>Blakely v. Washington</u>, Edgardo Colon ("Petitioner") has moved to amend a 28 U.S.C. § 2255 petition filed in February, 2004 to add a claim that is untimely and futile. In stark contrast to his original Petition (which was limited to a claim that a government cooperating witness named Lawrence Guzman had lied about certain aspects of his background during a 2002 sentencing hearing and which was filed within a year after the government first learned of that fact and immediately disclosed it to all defendants), the proposed amendment would challenge the constitutionality of an extended sentencing hearing that Colon himself requested in order to allow the Court (rather than a jury) to determine drug weight.[1]

---

[1] As the Court may recall, Colon filed a motion to sever the conspiracy count (in which drug weight allegations were made) from the substantive counts specifically in order to avoid a trial in which the jury would have been required to make certain drug weight allegations and to bring this and

1

The motion to amend was filed more than four years after the defendant was named in an indictment that specifically notified him that the government alleged that the amount of heroin at issue was 100 grams or more. It was filed nearly three years after *he moved* to sever the substantive counts from a conspiracy charge that included drug weight allegations to permit the Court (rather than a jury) to determine these issues. His petition was filed nearly two years after that hearing was concluded and Colon was sentenced. Colon did not appeal that sentence, did not file a 2255 Petition within the one-year period set forth in 28 U.S.C. § 2255(1), and never questioned the constitutionality of the sentencing procedures that he himself requested. After all this time, the motion to amend seeks to add a new and dramatically different claim that has never before been raised in this proceeding but that could have been raised before and could have been pursued on direct appeal.

The government opposes the motion to amend. It does so because the proposed amendment is untimely (in that it adds a new claim that would be untimely even if related back to the date of the original Petition), and is otherwise futile (in

---

other sentencing issues to the Court without a trial. See United States v. Colon, 165 F.Supp.2d 67 (D.Mass. 2001).

that the Supreme Court and Courts of Appeals have consistently ruled that Apprendi and Ring do not apply retroactively on collateral review.[2] Because it is too late in the day for the defendant to add new claims attacking his conviction, the motion to amend should be denied.

The law applicable to motions seeking to amend pleadings in civil actions is straightforward.[3]  Leave to amend can be withheld for any legitimate reason.  E.g., Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).  Such reasons can include undue delay, bad faith, dilatory motive, or the futility of the proposed amendment.  E.g., Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995).

The motion to amend here should be denied because the proposed Blakely claim is untimely and is otherwise futile.  The Blakely claim is being proposed more than two years after

---

[2] The First Circuit has also ruled that technical defects in pre-Apprendi cases tried in conformity with existing law in which a sentencing factor was never in issue cannot constitute prejudicial error.  See United States v. Mojica-Baez, 229 F.3d 292 (1st Cir 2001) and discussion at pp. 8-9, supra.

[3] The First Circuit has recognized that the Federal Rules of Civil Procedure applies to efforts to amend 2255 Petitions. See Rogers v. United States, 180 F.3d 349, 352 (1st Cir. 1999). See also 28 U.S.C. § 2242 (permitted Petitions to be amended or supplemented as provided in the rules applicable to civil actions); Rule 12 of the Rules Governing Section 2255 Proceedings(permitting court to apply rules governing civil actions to 2255 proceedings).

the defendant's conviction became final and more than a year after the limitations period for any 2255 claim expired. E.g., Trenkler v. United States, 268 F.3d 16, 22 (1st Cir. 2001)(2255 claims must ordinarily be brought within a year from the date on which the judgement is final).[4]  Hence, the proposed amendment is timely only if Blakely claims were intended by the Supreme Court to apply retroactively on collateral review.[5]

It is clear that this is simply not the case.  Assuming for purposes of this argument only that Blakely applies to the Federal Sentencing Guidelines, it is obviously a "new" rule of criminal procedure.  Teague v. Lane, 489 U.S. 288 (1989); Butler v. McKellar, 494 U.S. 407,415 (1990) (unless a legal principle is compelled by existing precedent, i.e., not

---

[4]  Absent a determination that Blakely applies retroactively or a claim that "the facts" supporting the claim could not have been discovered through the exercise of due diligence, Colon was obligated to bring the proposed claim within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1).  See generally Trenkler 268 F.3d at 19. Because no argument is made that any "facts" underlying his Blakely claim were unavailable to Colon at any time, that claim had to have been asserted in a 2255 Petition filed on or before July 27, 2003.  See Docket in United States v. Colon, 00-10029-NG at 251 (Judgement of Conviction for Edgardo Colon entered on June 27, 2002).

[5]  Any claim that the Petition should relate back to the original filing date under FRCP 15(c) would not make the Petition timely.  Accordingly, this memorandum does not address why any claim of relation back would be wrong.

4

"susceptible to debate among reasonable minds"-- it is a new rule that will not be applied retroactively).  Hence, it cannot be applied retroactively unless it is a "watershed rule," that is, a rule without which "the likelihood of an accurate conviction is seriously diminished." Schriro v. Summerlin, 2004 WL 1402732  at *4-5 (June 24, 2004).

The conclusion that Blakely cannot be applied retroactively under these principles is demonstrated by the treatment of retroactivity under Apprendi and Ring, two related but distinct  procedural rules that each been the subject of scores of 2255 Petitions. The First Circuit has already concluded that Apprendi does not apply retroactively on collateral review.  Sustache-Rivera v. United States, 221 F.3d 8, 15 (1st Cir. 2000) ("[I]t is clear that the Supreme Court has not made the rule [in Apprendi ] retroactive to cases on collateral review....").  Every other circuit has reached the same conclusion.  E.g., United States v. Swinton, 333 F.3d 481 (3d Cir. 2003); Coleman v. United States, 329 F.3d 77 (2d Cir. 2003); Goode v. United States, 305 F.3d 378 (6th Cir. 2002); United States v. Brown, 305 F.3d 304 (5th Cir. 2002); Curtis v. United States, 294 F.3d 841 (7th Cir. 2002); United States v. Mora, 293 F.3d 1213 (10th Cir. 2002); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002);

5

McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001); United States v. Moss, 252 F.3d 993 (8th Cir. 2001); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001).  Although Sustache-Rivera and these other cases only dealt with Apprendi, the same result is required here because judicial factfinding does not increase the likelihood of a wrongful conviction and hence Blakely is no more of a watershed rule.

    To the extent that anything further is needed to conclude that Blakely does not apply retroactively on collateral review, it is the Supreme Court's decision in Schriro v. Summerlin, 2004 WL 1402732 (June 24, 2004) issued the same day as Blakely.  In Summerlin, the Court considered whether Ring v. Arizona, 536 U.S. 584 (2002), applies retroactively to cases that had already become final when Ring was decided. Ring, of course, held that because Arizona law authorized the death penalty only if an aggravating factor was present, Apprendi required the existence of such a factor to be proved to a jury rather than to a judge.  Summerlin's death sentence was based on judicial factfinding and became final long before Ring was decided.

    The Supreme Court held that "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review."  Summerlin, 2004 WL 1402732

6

at *7. The Court explained that a "new rule" resulting from one of its decisions applies to convictions that are already final only in limited circumstances. New <u>substantive</u> rules generally apply retroactively, but new <u>procedural</u> rules generally do not – only "watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding" are given retroactive effect. <u>Id</u>. at *3. The Court concluded that <u>Ring</u> is properly classified as procedural, rather than substantive, because it did not alter the range of conduct or the class of persons subject to the death penalty in Arizona; instead, it merely changed the method of determining whether the defendant engaged in that conduct. <u>Id</u>. at *4.

The Court also held that <u>Ring</u> did not fall within <u>Teague</u>'s narrow exception for "watershed rules" of criminal procedure. <u>Id</u>. To qualify as a watershed rule, the Court explained, a new procedural rule must be one "without which the likelihood of an accurate conviction is seriously diminished." The Court held that <u>Ring</u> did not announce a watershed rule of criminal procedure because the Court could not confidently say that judicial factfinding seriously diminishes the accuracy of capital sentencing proceedings. <u>Id</u>. at *4-*5. Because <u>Summerlin</u> dooms any argument that

Blakely could apply retroactively, the proposed amendment is futile. Leave to amend should therefore be denied. E.g., Correa-Martinez v. Arrillaga-Belandez, 903 F.2d 49, 59 (1st Cir. 1990) ("[w]here an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters"). [6]

The proposed amendment is futile on other grounds as well. Because this matter proceeded in full and complete accordance with the law in effect at the time of the underlying proceedings, and because the defendant was the one who demanded that all drug weight issues be decided at sentencing, any error flowing from the claim that the drug weight should have been put to the jury is harmless and any

---

[6] After Apprendi, there was nothing secret about a claim that the preponderance standard could be subject to a due process attack. The claim was thus available to the Petitioner at the time he moved for a sentencing hearing, was available to him at the time of the sentencing hearing, and was available to him when he decided not to appeal or to pursue a 2255 Petition within the one-year period provided him by statute. A criminal defendant is not entitled to relitigate issues that *could have been raised* on direct appeal, but were not, absent a showing of cause excusing the default and actual prejudice resulting from the error of which he complains. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Suveges v. United States, 7 F.3d 6, 10 (1st Cir.1993) (holding that a party must show cause and prejudice to raise an objection not argued on direct appeal in a § 2255 motion). Having failed to raise the issue either in the original proceeding in this court or on direct appeal, the defendant is precluded from doing so here.

8

claim that the maximum sentence for this defendant should have been something less than what he got must fail.

This conclusion is compelled by basic waiver principles and by the First Circuit's decision in United States v. Mojica-Baez, 229 F.3d 292 (1st Cir 2000).  The defendants in Mojica-Baez had been convicted of armed robbery and of using or carrying a firearm in connection with a crime of violence before Castillo v. United States, 530 U.S. 120 (2000) was decided by the Supreme Court.  In accordance with pre-Castillo law, the jury was not asked to determine (nor did the indictment allege) that a semi-automatic weapon had been used. Notwithstanding these failures, the First Circuit upheld the convictions and the sentencing judge's imposition of a 10-year mandatory minimum under section 924(c).  Its decision was based on the fact that the government had notified the defendant of its belief that the gun was a  semi-automatic weapon, the fact that there was substantial evidence supporting the use of the gun, and that any possible error in the underlying proceeding was caused by the intervening decision in Castillo rather than by any prosecutorial abuse. Because each of these factors is also present here, Mojica-Baez confirms that the Petitioner could not be entitled to any Blakely related relief (even if it were otherwise available)

9

and that the Motion to Amend should be denied.  See also United States v. Garcia-Guizar, 227 F.3d 1125, 1129 (9th Cir. 2000) ("we may not grant ... relief unless the Apprendi error was 'plain.' "); United States v. Jenkins, 2000 WL 1359666, *1 (4th Cir. Sept. 21, 2000) (same); United States v. Meshack, 225 F.3d 556, 575-76 (5th Cir. 2000) (same).[7]

### CONCLUSION

The Petitioner's Blakely claim is untimely and otherwise meritless.  Because the proposed amendment is therefore futile, the Motion to Amend should be denied.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  /s John A. Wortmann,Jr.
_____        JOHN A. WORTMANN, JR.
                              Assistant U.S. Attorney
                              One Courthouse Square
                              Boston, MA 02210
                              (617) 748-3207
```

---

[7] In its original sentencing decision, this Court stated that it was making all drug weight and role determinations by "clear and convincing evidence."  See United States v. Flores, 230 F.Supp.2d 138, 143 (D. Mass. 2002) ("on this record, by whatever measure, that estimate of drug quantity is a conservative one").  See also United States v. Laboy, 351 F.3d 578, 584 (1st Cir. 2003) (in affirming sentence of co-defendant, the First Circuit described this court's drug weight determination as a "conservative estimate").