UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDGARDO COLON )
    Petitioner )
   ) Civil Action No.:
v. ) Crim. No. 00-CR-10029-NG
   )
UNITED STATES )
    Respondent )

**PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION
TO HIS REQUEST FOR LEAVE TO AMEND HIS MOTION
TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE**

Now Comes Petitioer Edgardo Colon who respectfully files this reply to the Government's Opposition to Petitioner's Request for Leave to Amend His Motion to Vacate, Set Aside or Correct His Sentence based upon the holdings of Blakely v. Washington, __ S.Ct. __; 2004 WL 1402697 (June 24, 2004). The government asserts in its opposition that Mr. Colon cannot raise Blakely now because (a) final judgment has entered in his case and, assuming Blakely has any effect on the U.S. Guidelines at all, it would not apply retroactively to Mr. Colon's case; and (b) the Blakely issues were not raised on direct appeal and, therefore, have been waived.

The government's opposition is based upon flawed reasoning for at least two reasons. First, while the defendant certainly raised concerns about and contested all the facts relative to weight and role in the offense, he was not clairvoyant. Therefore, he would not have known, and should not have anticipated, that the Supreme Court would have reversed over 15 years of law by finding, at minimum, that sentencing enhancements

1

that are not conceded by the defendant must be resolved by a jury. Id. Second, the Blakely decision is retroactive and applies to timely filed habeas petitions. See discussion below. Therefore, this Court has the discretion to entertain Petitioner's Motion to Amend.

## DISCUSSION

"When a decision of this Court results in a substantive "new rule," that rule applies to all criminal cases still pending on direct review." Schiro v. Summerlin, ___ U.S. ___, 124 S.Ct. 2519, 2522, 2004 WL 1402732 (2004). See also Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708 (1987). As for convictions that are already final, the new substantive rule only applies retroactively in limited circumstances. Id. These circumstances are limited to: (1) decisions that narrow the scope of a criminal statute by interpreting its terms; and (2) constitutional determinations that place conduct or persons covered by the statute beyond the state's power to punish.

As for new procedural rules, they generally do not apply retroactively unless they fall into a small subset of "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Schiro, supra at 2523 [quoting Teague v. Lane, 489 U.S. 288, 311, 109 S.Ct. 1060 (1989)] "...[T]he question is whether judicial fact finding so 'seriously diminishe[s]' accuracy that there is an 'impermissibly large risk' of punishing conduct that the law does not reach." Schiro, supra at 2522-2523 (quoting Teague, supra, at 312-313)

2

Mr. Colon does not contend that the "new rule" espoused by Blakely puts him into either of these two substantive categories described above. Instead, Mr. Colon submits that <u>Blakely v. Washington</u> creates a new procedural rule that requires retroactive application because the "preponderance of the evidence" standard seriously diminished the reliability of the judicial fact finding in his case and created an "impermissibly large risk" of punishing conduct that the law would not otherwise reach." Id at 2522-2523.

In Mr. Colon's case, he was sentenced to 188 months after pleading guilty to have possessed with intent to distribute less that 3 grams of heroin. The Court applied the preponderance of the evidence standard in both assessing his role in the offense and the weight attributable to Mr. Colon. It is now clear from <u>Blakely v. Washington</u>, that this standard was applied in violation of Mr. Colon's Sixth Amendment right to have a jury make these determinations using the standard of "beyond a reasonable doubt."

The application of the preponderance of the evidence standard permitted the Court to admit evidence at Mr. Colon's sentencing hearing that a jury would never have heard because of its unreliable nature. For example, under <u>Crawford v. Washington</u>, ___ U.S.___, 124 S.Ct. 1354 (2004) it is doubtful that the guilty plea colloquies of Cruz and Pagan would have been admitted to a jury given the fact that these witnesses were not

produced by the government. This implicated the defendant's right to confrontation especially in light of Blakely. These colloquies were extremely prejudicial to the defendant as this Court found by the erroneous preponderance of the evidence standard that Mr. Colon was responsible for between 1000 and 2000 grams of heroin based upon these colloquies alone.[1]

Additionally, its questionable whether Mr. Guzman's testimony, the perjuring star witness in this case, would have convinced a jury beyond a reasonable doubt that Mr. Colon was responsible for the amount of heroin alleged during his testimony. He made several unsubstantiated allegations about Mr. Colon being responsible for hundreds of grams of heroin and acting as a supervisor.

Therefore, it cannot be said that Blakely does not apply retroactively even in cases such as Mr. Colon's, where final judgment has entered. Blakely raises a new procedural rule which seriously diminishes the reliability of the judicial fact finding that occurred in this case. The fact that Mr. Colon was sentenced based upon a preponderance of the evidence standard created an "impermissibly large risk" of punishing conduct that the law would not otherwise reach." Schiro, supra. Therefore, the "new rule" under Blakely satisfies the requirements

---

[1] Given that this Court found that Mr. Colon was responsible for over a kilo of heroin, the Pagan/Cruz colloquies took on an enormous role in his sentencing.

4

enunciated in <u>Schiro</u> and <u>Teague</u> permitting retroactive application to cases where final judgment has already entered.

Wherefore, defendant moves this Court to grant his motion for leave to amend his Motion to Vacate, Set Aside or Correct His Sentence, on the following grounds, in addition to those previously presented:

1. That Blakely creates a new procedural rule that a jury must decide all facts, which are not conceded to or admitted by the defendant, by proof beyond a reasonable doubt if those facts would result in an enhanced sentence beyond what was pled to in the indictment; and that this "new rule" can be retroactively applied to Mr. Colon's case; or

2. That Blakely makes the U.S. Guidelines unconstitutional as a whole and, therefore, this new rule has retroactive application to Mr. Colon's case.

Respectfully submitted,

BY EDGARDO COLON'S ATTORNEY,

_____
JAMES BUDREAU, BAR#553391
20 Park Plaza, Suite 905
Boston, MA 02116
(617) 227-3700

I hereby certify that a true and correct copy of the foregoing document was served by U.S. mail, first class, on July 15, 2004 to Assistant U.S. Attorney John Wortmann.

_____
James Budreau

5